YENIS MATAMOROS RODRIGUEZ,
NEXT FRIEND OF OSMEL
GONZALEZ ARIAS,

        Petitioner,

vs.

WOODBURY COUNTY JAIL, et al.,

        Respondents.

No. C26-4041-LTS-MAR

**MEMORANDUM
OPINION AND ORDER**

## I. INTRODUCTION

This case is before me on a pro se petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Yenis Matamoros Rodriguez, as next friend and on behalf of Osmel Gonzalez Arias. Gonzalez Arias is an alien who previously encountered Border Patrol in 2024 and was granted discretionary humanitarian parole under 8 U.S.C. § 1182(d)(5)(A). His parole expired and United States Citizenship and Immigration Services (USCIS) revoked his parole-based employment authorization on May 14, 2025. Doc. 10-1 at 3; Doc. 10-5.

After being jailed for two violations of a no-contact order, Gonzalez Arias was released to ICE custody on March 12, 2026. An immigration judge denied his request for bond, finding that detention was mandatory under 8 U.S.C. § 1225(b)(2)(A). Gonzalez Arias claims his detention violates his due process rights. In an initial review order (Doc. 2), I directed the Respondents (collectively, the Government)[1] to respond to the petition, which it has done (Doc. 6). Rodriguez filed a reply (Doc. 12). Because I

---

[1] Although the Government's response was filed on behalf of the federal respondents and not the state employees (Doc. 6 at 1 n.1), this order applies to all respondents with equal force.

appointed counsel for Gonzalez Arias, *see* Doc. 9, counsel filed a supplement (Doc. 16) to the petition and the Government filed a response (Doc. 17). Oral argument is not necessary. *See* Local Rule 7(c).

## II. BACKGROUND

The facts and procedural background are not disputed. Gonzalez Arias is a Cuban national who initially entered the United States on or around April 2, 2024. Doc. 10-1 at 3. He was encountered at the border and detained, but subsequently paroled into the United States. *Id.*; Doc. 10-4. His parole expired and was not renewed or extended. Doc. 10-1 at 3. On May 14, 2025, USCIS issued a revocation notice for his parole-based employment authorization. *Id.* On June 4, 2025, an immigration judge granted Gonzalez Arias' motion to terminate his ongoing removal proceedings without prejudice to allow him to proceed with an application for adjustment under the Cuban Adjustment Act. Doc.1 at 25.

In December 2025, Gonzalez Arias was charged with domestic abuse assault and the court issued a no-contact order prohibiting him from contacting or attempting to contact the victim. Doc. 10-6. A week later, he was seen driving a vehicle with the victim in the back seat and a warrant was issued for his arrest. *Id.* On January 18, 2026, he was arrested at the victim's home and charged with a felony assault committed by a person against whom a protective order is issued and another count of domestic abuse assault. *Id.* In March 2026, the victim requested the no-contact order be dismissed and Gonzalez Arias entered into a plea agreement in which he pleaded guilty to two violations of a no-contact order. He was given credit for time served and the parties stipulated that no physical violence occurred during the violations of the no-contact orders. *Id.* Gonzalez Arias was released to ICE custody on March 12, 2026, and detained under § 1225(b)(2)(A). He was also issued a Notice to Appear in removal proceedings. At his initial hearing on May 13, 2026, an immigration judge denied his request for bond, finding detention was mandatory. Doc. 10-7.

Rodriguez, acting on behalf of Gonzalez Arias, filed the instant petition for writ of habeas corpus pursuant to § 2241 on May 1, 2026, arguing his detention violates the due process clause of the United States Constitution.

### III.   STANDARD OF REVIEW

Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). To receive relief, a petitioner must prove by a preponderance of the evidence that his detention is unlawful. *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025).

### IV.   ANALYSIS

The Government justifies Gonzalez Arias' civil detention without a bond hearing based on the mandatory detention provision of 8 U.S.C. § 1225(b)(2). Gonzalez Arias argues § 1225(b)(2) is not a basis for mandatory detention. He notes he was paroled under § 1182(d)(5)(A), which provides:

> The Secretary of Homeland Security may, except as provided in subparagraph (B) or in section 1184(f) of this title, in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien *shall forthwith return or be returned to the custody from which he was paroled* and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.

8 U.S.C. § 1182(d)(5)(A) (emphasis added). Gonzalez Arias argues that the Government's position that revocation of his parole allows it to invoke mandatory detention authority under § 1225(b)(2) assumes that "custody" is synonymous with "detention," which multiple courts have rejected. *See* Doc. 16 at 2 (citing cases). He

3

contends that if Congress intended for noncitizens to be detained once parole under § 1182(d)(5)(A) expired, it would have said so expressly. He notes that *Avila* did not address whether § 1225(b)(2)(A) applies to someone who was already granted humanitarian parole, lived under that parole for an extended period and then was later re-detained solely because the Department of Homeland Security (DHS) chose not to renew that parole.

Regardless of any statutory basis, Gonzalez Arias argues the court should order his release or at least an individualized hearing based on this court's prior rulings in *Singh v. Mullin*, No. C26-53, 2026 WL 1078710, at \*4 (N.D. Iowa Apr. 20, 2026) and *Ermekov v. Mullin*, No. C26-41, 2026 WL 1046766, at \*3 (N.D. Iowa Apr. 17, 2026). While the Government observes that the petitioners in those cases were previously on parole and Gonzalez Arias was on "explicitly temporary" parole, Gonzalez Arias argues that is a distinction without a difference. He notes that the decision to grant humanitarian parole required a finding that he was "neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5(b). Like bond, parole is a temporary, revocable form of conditional liberty. While Gonzalez Arias acknowledges that the court may not have jurisdiction to review the revocation of his parole, *see Hirey v. Noem*, No. C25-4075, 2026 WL 91654, at \*3 (N.D. Iowa Jan. 13, 2026), he contends I should determine whether re-detaining him without bond after revocation of his parole comports with due process.

The Government argues Gonzalez Arias conflates humanitarian parole under § 1182(d)(5) with release on bond or criminal parole. It contends a closer equivalent to § 1182(d)(5) parole in the criminal context is a federal judge's discretion to permit a defendant to self-report to prison, noting that a defendant is automatically detained unless a judge exercises his or her discretion to grant voluntary self-surrender. Doc. 17 at 4. Similarly, an arriving alien is detained under § 1225(b)(1) unless the Secretary exercises his or her discretion to grant parole. Because both circumstances are expressly temporary, detention is always the eventual outcome and the Government thus argues that there is no liberty interest at issue. While the Government acknowledges I have

4

previously held that re-detaining an alien after the expiration of his humanitarian parole violated procedural due process in the absence of a bond determination hearing, *see Villegas Salazar v. Sheriff of Linn County*, No. C26-98 (N.D. Iowa June 8, 2026), it distinguishes that case by noting the petitioner was not re-detained until three years after his parole had expired and he continued to receive work authorization. Doc. 17 at 4, n.2. Here, Gonzalez Arias' parole-based work authorization was cancelled when his parole expired and he was returned to detention in less than a year.[2]

Although *Avila* forecloses Gonzalez Arias' statutory right to a bond hearing, it says nothing about the due process rights for those aliens subject to mandatory detention. *Avila*, 170 F.4th at 1140 & n.8 (Erickson, J., dissenting). Even when facing removal proceedings, aliens still have due process rights. *Yamataya v. Fisher* (the Japanese Immigration Case), 189 U.S. 86, 100–01 (1903). The issue is the extent of those rights.

I have previously found that those subject to the mandatory detention provision of § 1225(b)(2) are not entitled to bond redetermination hearings unless they belong to a certain class of aliens who were conferred greater due process protections, such as those who were voluntarily released before their re-detention. *See Singh v. Mullin*, No. 26-cv-56, 2026 WL 1021846, at *3–4 (N.D. Iowa Apr. 15, 2026). I adopt the same reasoning here.

As an initial matter, Gonzalez Arias' parole has expired and has not been extended. I do not question the propriety of the Government's decision on that matter, as it is reserved for the Secretary of Homeland Security to make and outside of judicial bounds to review. *See* 8 U.S.C. § 1182(d)(5)(A) (leaving to the Secretary the discretion to grant parole and when to revoke it); *Hirey v. Noem*, No. 25-cv-4075, 2026 WL 91654, at *3 (N.D. Iowa Jan. 13, 2026) (a federal court lacks jurisdiction to review whether alien's

---

[2] Like *Salazar*, Gonzalez Arias was not re-detained until he was released to ICE custody from state custody for his criminal offenses. *See* Doc. 10-6 at 18-23. There is no indication that DHS made any prior attempt to detain Gonzalez Arias after his parole expired.

discretionary parole was lawfully terminated).  I will therefore continue my analysis with the presumption that Gonzalez Arias is no longer paroled in the United States.

Even so, whether Gonzalez Arias' parole has expired does not answer the question of whether the fact that he was once granted parole confers a greater liberty interest.  The Government argues that parole under § 1182(d)(5) may be terminated at any time and when that parole ends, the alien is returned to his pre-parole status.  8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(e)(2).  However, the fact that the Government once deemed Gonzalez Arias to be worthy of parole establishes that the Secretary previously evaluated his dangerousness and flight risk and made favorable findings as to those characteristics.  *See* 8 C.F.R. § 212.5(b) (2026) (discretionary parole "would generally be justified only on a case-by-case basis for 'urgent humanitarian reasons' or 'significant public benefit,' provided the aliens present neither a security risk nor a risk of absconding").  Thus, in granting parole the Secretary necessarily considered the same factors that an immigration judge would consider at a bond hearing.  This puts Gonzalez Arias in a similar position to those who have been granted release after a bond hearing.  It also distinguishes him from those aliens for whom the Government has not previously had the chance to consider their status or circumstances "without running the risk of the alien's either absconding or engaging in criminal activity before a final decision can be made."  *Jennings v. Rodriguez*, 583 U.S. 281, 286 (2018).

I conclude that the fact Gonzalez Arias was previously evaluated and released confers on him a greater liberty interest than is enjoyed by those applicants for admission who never were.  Even though his release on discretionary parole expired lawfully, his liberty interest did not expire with it.  *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025); *see also Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (conferral of parole creates a liberty interest); *Young v. Harper*, 520 U.S. 143, 150 (1997) (applying *Morrissey* to pre-parolees).  For this reason, I find that he is entitled to some form of relief from his status as a detainee with no possibility of release on bond.

6

As for the form of relief, this case differs to some extent from those in which the Government re-detained aliens under questionable justifications that appeared to renege on past promises. *See, e.g.*, *Singh*, 2026 WL 1021846, at \*4. Gonzalez Arias' parole expired, thus making him subject to re-detention. Nonetheless, the circumstances discussed above put him in a category that requires the Government to justify his continued civil detention. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (civil detention is only authorized in "certain special and 'narrow' nonpunitive 'circumstances' where a special justification . . . outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" (first citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992); then citing *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)). In keeping with other courts that have ordered a bond determination hearing, I will order the Government to justify his continued civil detention by demonstrating, by clear and convincing evidence before a neutral decisionmaker, that Gonzalez Arias is a flight risk or danger to the community. *See, e.g.*, *Sandhu v. Mullin*, No. 26-cv-5009, 2026 WL 1146643, at \*6 (D. Neb. Apr. 28, 2026); *Omer G.G. v. Kaiser*, 815 F. Supp. 3d 1098, 1113 (E.D. Cal. 2025); *see also Arostegui-Maldonado v. Baltazar*, 794 F. Supp. 3d 926, 944 (D. Colo. 2025) ("As a general matter, the Supreme Court has long held that the clear and convincing evidence standard applies to civil detention where an individual's liberty interest is at stake.").

### V. CONCLUSION

For the reasons set forth herein, petitioner Rodriguez's petition (Doc. 1) for habeas corpus on behalf of Gonzalez Arias is **granted**. Respondents are **ordered** to provide Gonzalez Arias with a bond determination hearing within **14 days** of this order, at which they will have the burden of proving by clear and convincing evidence that his continued detention is justified. If respondents do not provide Gonzalez Arias with a bond hearing within 14 days, then he must be immediately released from detention.

7

**IT IS SO ORDERED** this 16th day of June, 2026.

_____

Leonard T. Strand
United States District Judge

8